IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

EDWARD PARK,

        Defendant.
                                /

No. CR 05-0375 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On April 28, 2009, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning May 18, 2009. All parties were represented by counsel. The following matters were resolved:

1.    **Trial schedule**: The parties expect that the case may take 8 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate. May 25, 2009 is a federal holiday.

**2.**    **Number of jurors and challenges**: There shall be a jury of twelve members, plus two alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

**3.**    **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel.

**4. Jury instructions**: The Court received proposed jury instructions from the plaintiff, and defendant indicates that he has no objection to them.

**5. Trial exhibits**: No later than May 14, 2009, plaintiff shall submit its exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with two sets (for the court and the witness) and each side shall provide one set for the other side.

**6. Transcripts of intercepted phone calls:** The government has provided defendant with transcripts of the pertinent intercepted phone calls, and has sought stipulation concerning their accuracy. Defense counsel indicates that there are no objections to the accuracy of the transcripts (both English and non-English language calls). Defense counsel shall sign stipulations to that effect no later than May 8, 2009.

**7. Motions in limine**: The parties filed various motions in limine, on which the Court ruled as follows:

**(1) US motion regarding potential punishment and facts in opening statement**: The government seeks to preclude evidence of, reference to or argument concerning defendant's potential sentence should he be convicted; and to preclude reference in opening statement to facts which a party does not reasonably anticipate will be supported by evidence admitted at trial. Defendant does not oppose either request. The motion concerning punishment is GRANTED. The motion concerning opening statement is DENIED, but all counsel are cautioned that they must observe the rules of evidence and ethics in all aspects of this trial.

**(2) US motion to preclude evidence and references to medical marijuana**: California laws on medical marijuana do not provide a defense against the marijuana conspiracies alleged in the indictment. To that extent this motion is GRANTED. However, should any witness answer a question posed in good faith with information concerning purported medical marijuana grows involving defendant, that testimony will not be stricken unless it is otherwise irrelevant. The Court will provide appropriate explanatory instructions upon request. Further, the parties may refer to California laws on

2

medical marijuana during voir dire.

**(3) US motions that evidence of defendant's involvement in the marijuana cultivation and distribution in San Francisco at 154 7th Street, 922 Capitol Avenue, 78 Shotwell Street, 1333 Minna Street, 1177 Quesada Avenue, and 21 Leland Street; and cultivation of marijuana clones at 581 17th Avenue, #B, San Francisco, be admitted as inextricably intertwined and necessary to complete the story of the charged offenses:** Defendant does not oppose these motions and they are GRANTED, without prejudice to specific objections to specific questions at time of trial.

**(4) US motion that evidence of the July 1999 lease for 335 Jones Street, San Francisco, be admitted as inextricably intertwined and necessary to complete the story of the charged offenses:** Defendant does not oppose this motion and it is GRANTED, without prejudice to specific objections to specific questions at time of trial.

**(5) US motion that the transcripts of Cantonese and Mandarin-speaking audio recordings are admissible as substantive evidence:** The Court will work with counsel to determine the best way to present the content of the Cantonese and Mandarin-speaking audio recordings to the jury.

**(6) US motion that law enforcement officers' expert testimony is admissible:** Defendant does not oppose this motion and it is GRANTED, without prejudice to specific objections to specific questions at time of trial, including any objections to the cumulative nature of such testimony.

**(7) US motion to preclude evidence and references to change in DOJ policy regarding marijuana prosecutions:** GRANTED.

**(8) Defendant's motion to exclude evidence of defendant's involvement in the plot to kidnap/assault Asa Barnla in June 2005:** DENIED.

(**9) Defendant's motion to exclude evidence of defendant's involvement in marijuana cultivation and distribution activities at 335 Jones Street, San Francisco, prior to 2000**: DENIED.

**(10) Defendant's motion to exclude testimony of Special Agent Alfaro and San Francisco Police Department Inspector David Martinovich regarding (1) basic procedures used to cultivate and distribute marijuana; (2) telephonic communication methods used by narcotic traffickers; (3) methods of payments and money laundering techniques; and (4) the use of pay/owe ledgers by narcotic officers**: This motion and it is DENIED, without prejudice to specific objections to specific

3

questions at time of trial.

**8.   Reciprocal discovery requirements**:   Government counsel requested reciprocal discovery from defense counsel; defense counsel indicated that there is none at this point, including no alibi or expert evidence.

**9.   Defendant's motion to continue trial date to ascertain new position of the Attorney General and Request for order of Court compelling United States Attorney to consult with Attorney General**:   DENIED.

**IT IS SO ORDERED.**

Dated: April 29, 2009

_____
SUSAN ILLSTON
United States District Judge